UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMUEL BARKER                                                          CIVIL ACTION

VERSUS                                                                      NO. 17-6674

DARREL VANNOY, WARDEN                                       SECTION: "E"(3)

## REPORT AND RECOMMENDATION

Petitioner, Samuel Barker, a state prisoner, filed the instant federal application seeking habeas corpus relief. For the following reasons, **IT IS RECOMMENDED** that the application be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

On August 7, 2015, petitioner was charged with various crimes in a nine-count bill of information.[1] On November 9, 2016, he was convicted of two counts of simple burglary (Counts 1 and 4), one count of simple criminal damage to property (Count 3), two counts of theft (Counts 5 and 6), one count of criminal trespass (Count 8), and one count of attempted simple burglary of an inhabited dwelling (Count 9).[2] On November 10, 2016, he was additionally convicted of possession of burglary tools (Count 2); however, he was acquitted of one count of simple criminal damage to property (Count 7).[3] On January 6, 2017, he was sentenced to concurrent terms of six months in jail on Counts 2 and 8.[4] On July 20, 2017, after being found to be a fourth offender, he was sentenced as such to concurrent terms of twenty years imprisonment on Counts 3, 5, 6, and 9 and to concurrent terms of life imprisonment on Counts 1 and 4. It was ordered that those enhanced

---

[1] State Rec., Vol. 1 of 11, bill of information.
[2] State Rec., Vol. 10 of 11, transcript of November 9, 2016, pp. 266-67.
[3] State Rec., Vol. 1 of 11, minute entry dated November 10, 2016.
[4] State Rec., Vol. 10 of 11, transcript of January 6, 2017; State Rec., Vol. 1 of 11, minute entry dated January 6, 2017.

sentences be served without benefit of probation, parole, or suspension of sentence.[5] He appealed. The Louisiana Fourth Circuit Court of Appeal held oral argument on March 1, 2018, and the case currently remains pending in that court. Because petitioner's criminal proceedings are still on direct review in the state courts, his state criminal judgment is not yet final for federal habeas purposes. See 28 U.S.C. § 2244(d)(1)(A) (for federal habeas purposes, a state criminal judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review"); Scott v. Hubert, 635 F.3d 659, 664-65 (5th Cir. 2011) ("The question of when a [state] conviction becomes final for federal habeas purposes is purely a question of federal law. And the Supreme Court held in Burton v. Stewart[, 549 U.S. 147, (2007)] that under federal law, '[f]inal judgment in a criminal case means sentence. The sentence is the judgment.' As a consequence, AEDPA's one-year limitations period does not being to run on a petitioner 'until both his conviction and sentence' have become final." (emphasis and footnotes omitted)).

      In the interim, petitioner filed the instant federal application seeking habeas corpus relief. In his application, he argued that (1) his pretrial detention was rendered unconstitutional by virtue of the fact that he was denied the effective assistance of counsel and (2) the state courts erroneously denied him pretrial habeas relief on that basis.[6] The state filed a response arguing that petitioner had not yet exhausted his remedies in the state courts and that this Court should abstain from considering his claims because his state criminal proceedings were ongoing.[7] Petitioner filed a reply to the state's response, arguing that the state was misconstruing his application as asserting

---

[5] State Rec., Vol. 4 of 11, transcript of July 20, 2017.
[6] Rec. Docs. 1 and 9.
[7] Rec. Doc. 20.

"a post-conviction ineffective assistance of counsel [claim] that challenges trial errors/trial outcomes .…"[8] He explained that was *not* his claim, stating:

> Petitioner's *habeas corpus* is **SINGULARLY** focused on pre-trial unconstitutional confinement involving a pre-trial due process and constitutional deprivation of mandated constitutional counsel and conducting a constitutional trial wherein Petitioner was also deprived available Louisiana Supreme Court remedy available both now and at the time of the violation and before the state pre-trial *habeas corpus* was filed.[9]

Taking petitioner at his word that his current application challenges only his pretrial detention and the related denial of pretrial state habeas relief, the undersigned finds that petitioner's conviction rendered moot such challenges. See Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993) ("Yohey claims that the state court erred in refusing to grant his requests for pretrial habeas relief. However, such claims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); see also Henderson v. Criminal District Court #3, No. 99-10863, 2000 WL 290170 (5th Cir. Feb. 16, 2000) ("Henderson's pretrial habeas claim was rendered moot by his conviction and sentence."). Accordingly, the instant application should be dismissed on that basis.

The Court additionally notes that such a dismissal would not prevent petitioner from filing a future federal habeas corpus petition asserting that his ultimate conviction, *once it becomes final,* was unconstitutional on the ground that he received ineffective assistance of counsel. Cf. Fassler v. United States, 858 F.2d 1016, 1017, 1019 (5th Cir. 1988) ("In this appeal, [Fassler] purports to seek habeas corpus relief because of the illegality of his pretrial detention. The relief he seeks is plainly not available [as a result of his conviction]. … [Fassler] asserts that he received ineffective

---

[8] Rec. Doc. 22, p. 1.
[9] Id. at p. 4.

...

...

assistance of counsel before trial, in part because of the conditions of his detention.  This issue can be raised in a collateral attack on his conviction pursuant to 28 U.S.C. § 2255 – but not now.  We have held that a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal.").  However, any such future petition must be filed within the federal statute of limitations *after* petitioner exhausts his remedies in the state courts.  See 28 U.S.C. §§ 2244(d), 2254(b)(1).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application seeking habeas corpus relief filed by Samuel Barker petition be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this second day of April, 2018.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.