## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMUEL BARKER,**<br>      **Petitioner** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6674** |
| **DARREL VANNOY, WARDEN**<br>      **Respondent** | **SECTION: "E" (3)** |

### <u>ORDER</u>

Before the Court is pro se Petitioner Samuel Barker's petition for habeas corpus relief.[1] In his petition, Petitioner, who is currently incarcerated, alleges his pretrial detention and the related denial of pretrial state habeas relief were unconstitutional. Petitioner's application was referred to the U.S. Magistrate Judge who issued his Report and Recommendation on April 2, 2018.[2] Petitioner filed a timely notice of objection on April 9, 2018.[3] On May 7, 2018, Petitioner filed a supplemental objection.[4]

In his Report and Recommendation, Magistrate Judge Knowles concluded that, because Petitioner's criminal case remains pending in state court, his judgment is not yet final for federal habeas purposes, and his petition should be dismissed without prejudice as moot.[5] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state criminal judgement becomes "final by the conclusion of direct review or the expiration of the time for seeking such review."[6] A sentence is the final judgement in a criminal case.[7] In his opposition, Petitioner does not address the issue of finality; rather, he contends his

---

[1] R. Doc. 1.
[2] R. Doc. 23.
[3] R. Doc. 24.
[4] R. Doc. 25.
[5] R. Doc 23.
[6] 28 U.S.C. § 2244(d)(1)(A).
[7] *Scott v. Hubert*, 635 F. 3d 659, 664-65 (5th Cir. 2011) (quoting *Burton v. Stewart*, 549 U.S. 147, (2007).

conviction was unconstitutional on the grounds that he received ineffective assistance of pre-trial counsel.[8] This issue may be raised in a future federal habeas corpus petition challenging his conviction and sentence, but only once his conviction becomes final in state court.[9] Further, the current petition is focused solely on the pretrial detention and related denial of pretrial state habeas relief, both of which are rendered moot by the petitioner's conviction.[10]

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and adopts it as its opinion in this matter.[11]

Accordingly;

## **CONCLUSION**

**IT IS ORDERED** that Petitioner Samuel Barker's petition against Respondent Darrel Vannoy be and hereby is **DISMISSED WITHOUT PREJUDICE AS MOOT**.[12]

**New Orleans, Louisiana, this 22nd day of May 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[8] R. Doc. 24.
[9] R. Doc. 23.
[10] _Yohey v. Collins_, 985 F.2d 222, 228-29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction.").
[11] R. Doc. 23.
[12] _Id._