UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL BARKER,<br>Petitioner | CIVIL ACTION |
| VERSUS | NO. 17-6674 |
| DARREL VANNOY,<br>Respondent | SECTION: "E" (5) |

## ORDER

Before the Court is pro se Petitioner Samuel Barker's motion for reconsideration.[1] His petition for a writ of habeas corpus was referred to the U.S. Magistrate Judge who issued his Report and Recommendation on April 2, 2018.[2] Petitioner filed a timely notice of objection on April 9, 2018 and a supplemental objection on May 7, 2018.[3] The Court issued an order adopting the Magistrate Judge's Report and Recommendation on May 24, 2018, dismissing the petition without prejudice as moot.[4] On May 31, 2018, Petitioner filed a motion for reconsideration.[5]

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[6] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[7]

---

[1] R. Doc. 27.
[2] R. Doc. 23.
[3] R. Doc. 24; R. Doc. 25.
[4] R. Doc. 26.
[5] R. Doc. 27.
[6] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[7] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

1

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[8]

In his motion for reconsideration, Petitioner raises arguments that were available to him before judgment was issued.[9] He has not demonstrated any manifest errors of law or fact that need to be corrected, nor has he presented new evidence. Petitioner also has not shown that reconsideration is necessary to prevent injustice or justified by changes in the law. As a result, the Court finds the motion to reconsider should not be granted.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Petitioner Samuel Barker's motion for reconsideration be and hereby is **DENIED**.

**New Orleans, Louisiana, this 18th day of June 2018.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[8] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[9] R. Doc. 27.